THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KLAUS ASSION, Derivatively on Behalf of ZILLOW, INC., <br><br>  Plaintiff, <br><br> v. <br><br> SPENCER M. RASCOFF, CHAD M. COHEN, RICHARD N. BARTON, LLOYD D. FRINK, DAVID A. BEITEL, GREG M. SCHWARTZ, GREGORY B. MAFFEI, ERIK BLACHFORD, GORDON STEPHENSON, J. WILLIAM GURLEY, and JAY C. HOAG, <br><br> Defendants, <br><br> and <br><br> ZILLOW, INC., a Washington corporation, <br><br>  Nominal Defendant. | No. CV 13-00091 RSM <br><br> **STIPULATION AND ORDER REGARDING STAY OF PROCEEDINGS AND RELATED MATTERS** |

IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN plaintiff Klaus Assion ("Plaintiff"), and individual defendants Spencer M. Rascoff, Chad M. Cohen, Richard N. Barton, Lloyd D. Frink, David A. Beitel, Greg M. Schwartz, Gregory B. Maffei, Erik Blachford, Gordon Stephenson, J. William Gurley, and Jay C. Hoag ("Individual Defendants"), and nominal

**STIPULATION AND ORDER REGARDING STAY OF PROCEEDINGS AND RELATED MATTERS** (No. CV 13-00091 RSM) – 1

defendant Zillow, Inc. ("Zillow" or the "Company" and, collectively with the Individual Defendants, the "Defendants"), by and through their undersigned counsel, as follows:

WHEREAS, on January 15, 2013, Plaintiff filed the Verified Shareholder Derivative Complaint ("Complaint") in this Court, asserting claims against the Individual Defendants on behalf of nominal defendant Zillow (the "Action");

WHEREAS, on January 29, 2013, Plaintiff filed a Notice of Related Case, stating that the Action may be related to a factually-similar federal securities fraud class action, *Reinschmidt v. Zillow, Inc., et al.*, No. 12-02084 RSM (the "Securities Action"), which is pending in this District before the Honorable Ricardo S. Martinez;

WHEREAS, by minute order dated January 31, 2013, the Action was transferred from Judge Coughenour to Judge Martinez;

WHEREAS, by stipulated order dated January 8, 2013, the court in the Securities Action stayed discovery, pursuant to the Private Securities Litigation Reform Act of 1995, codified at 15 U.S.C. § 78u-4(b)(3)(B) (2009), until after the selection of lead plaintiff, the appointment of lead counsel, the filing of an amended and consolidated complaint, and the resolution of the defendants' motion to dismiss in the Securities Action;

WHEREAS, Plaintiff believes that the allegations in the Action are not dependent on the allegations in the Securities Action, but the parties in the Action agree that the ruling on the motion to dismiss the Securities Action may help inform the manner in which the Action proceeds;

WHEREAS, the parties therefore agree that the interests of efficient and effective case management would best be served by: (1) deferring all proceedings and continuing all response dates in the Action until (a) thirty (30) days after the Securities Action is dismissed in its entirety with prejudice, (b) thirty (30) days after the Court issues an order denying in any part the defendants' motion to dismiss the Securities Action, or (c) such other time as the Court shall

order; and (2) by sharing certain discovery generated in the Securities Action, if any, with Plaintiff in the Action pursuant to the terms set forth herein;

WHEREAS, the parties agree that documents and information, if any, obtained pursuant to this Stipulation shall not be used by Plaintiff to supplement Plaintiff's allegations of demand futility or used by Plaintiff in any way in connection with his opposition to any motion to dismiss, including but not limited to any motion to dismiss for failure to make a pre-suit demand, absent an order of the Court permitting such use.  Defendants reserve their right to oppose any motion for an order permitting Plaintiff to use information developed in discovery to supplement his demand futility allegations or to oppose any motion to dismiss.  Plaintiff agrees not to use the existence of this Stipulation, the substance of any documents or discovery produced pursuant to this Stipulation, and/or any documents or information obtained or developed as a result of any documents or discovery produced pursuant to this Stipulation as support for any argument that Plaintiff is otherwise entitled to use the documents or the information therein to supplement allegations of demand futility or to oppose a motion to dismiss;

WHEREAS, the parties agree that should any of the Defendants seek to dismiss the extant Complaint or an amended complaint for failure to make a pre-suit demand on Zillow's Board of Directors ("Board"), the demand futility question should be decided based on the membership of the Board on the date Plaintiff filed the extant Complaint – January 15, 2013 – provided, however, that if an amended complaint containing claims or allegations that are materially different than those alleged in the extant Complaint is filed, Defendants reserve their right to argue that demand futility should be decided based on the membership of the Board at the time the amended complaint is filed;

WHEREAS, the parties agree that, notwithstanding the stipulated stay of the Action, Plaintiff shall be permitted to file: (a) an amended complaint, to which Defendants shall have no obligation to respond during the course of the stay, if Plaintiff elects to do so; and (b) any

**STIPULATION AND ORDER REGARDING STAY**
**OF PROCEEDINGS AND RELATED MATTERS**
(No. CV 13-00091 RSM) – 3

56920-0142/LEGAL26003191.1

stipulation and/or motion relating to the organization of the Action, including but not limited to the appointment of lead plaintiff and/or lead counsel and the consolidation of any future-filed related actions and Defendants shall be permitted to oppose or otherwise respond to such motion if Defendants elect to do so;

WHEREAS, the parties enter into this stipulation for the purpose of ensuring the orderly and efficient litigation of the Action in the best interests of Zillow, and not for the purpose of delay; and

WHEREAS, the parties agree that by entering into this Stipulation, the parties do not waive any rights not specifically addressed herein.

NOW, THEREFORE, the parties hereto consent to the form and entry of an ORDER as follows:

1. All proceedings in this Action are stayed and all response dates are continued until:

   (a) thirty (30) days after the Securities Action is dismissed in its entirety with prejudice;

   (b) thirty (30) days after the Court issues an order denying in any part the defendants' motion to dismiss the Securities Action; or

   (c) such other time as the Court shall order.

2. Defendants shall have no present obligation to respond to the Complaint. Within thirty (30) days from the date that the order on the motion to dismiss the Securities Action becomes final and non-appealable or this stay is otherwise lifted, counsel for the parties shall meet and confer to determine a proposed schedule, to be submitted to the Court for approval, for:

   (a) Defendants to respond to the Complaint and to file any related briefing; or

   (b) Plaintiff to file and serve an amended complaint, and Defendants to respond to the amended complaint and to file any related briefing.

**STIPULATION AND ORDER REGARDING STAY**
**OF PROCEEDINGS AND RELATED MATTERS**
(No. CV 13-00091 RSM) – 4

56920-0142/LEGAL26003191.1

3. If merits (i.e., not class certification) discovery proceeds in the Securities Action, then, subject to the terms and conditions set forth herein, Defendants will produce to Plaintiff in the Action copies of all written document requests, written responses to document requests, and documents produced to plaintiffs in the Securities Action, in the same manner as those documents are produced to plaintiffs in the Securities Action, within 20 days of production of those materials to plaintiffs in the Securities Action, but only provided that:

(a) Documents and information, if any, obtained pursuant to this stipulation shall not be used to supplement Plaintiff's allegations of demand futility or to oppose any motion to dismiss, including but not limited to any motion to dismiss for failure to make a pre-suit demand, absent an order of the Court permitting such use; and

(b) Plaintiff in the Action agrees to abide by the terms of any protective order(s) in place in the Securities Action and/or the terms of any protective order(s) in place in the Action; and

(c) Plaintiff shall use his best efforts to avoid duplicate discovery requests, and seek only information relevant to this Action that was not already produced in connection with the Securities Action. If Plaintiff serves discovery requests, Defendants are not obligated to produce responsive, non-privileged documents if they have already produced such documents pursuant to this Stipulation.

4. If there are merits (i.e., not class certification) depositions in the Securities Action, counsel for the parties will meet and confer in good faith regarding an agreement to permit Plaintiff's participation in those merits depositions and/or for Plaintiff to receive transcripts of all such depositions.

5. Should any of the Defendants seek to dismiss the extant Complaint for failure to make a pre-suit demand on Zillow's Board, the demand futility question should be decided based on the membership of the Board on the date Plaintiff filed the extant Complaint – January 15,

2013 – provided, however, that if an amended complaint containing claims or allegations that are materially different than those alleged in the extant Complaint is filed, Defendants reserve their right to argue that demand futility should be decided based on the membership of the Board at the time the amended complaint is filed.

6. Notwithstanding the stipulated stay of the Action, Plaintiff shall be permitted to file: (a) an amended complaint, to which Defendants shall have no obligation to respond during the course of the stay, if Plaintiff elects to do so; and (b) any stipulation and/or motion relating to the organization of the Action, including but not limited to the appointment of lead plaintiff and/or lead counsel and the consolidation of any future-filed related actions, and Defendants shall be permitted to oppose or otherwise respond to such motion if Defendants elect to do so.

7. By entering into this Stipulation, the parties do not waive any rights not specifically addressed herein.

DATED: March 6, 2013

By: s / Ronald L. Berenstain
    s/ Sean C. Knowles
Ronald L. Berenstain, WSBA No. 7573
Sean C. Knowles, WSBA No. 39893
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:   206.359.9000
Email:  rberenstain@perkinscoie.com
       sknowles@perkinscoie.com

Attorneys for Defendants Spencer M. Rascoff, Chad M. Cohen, Richard N. Barton, Lloyd D. Frink, David A. Beitel, Greg M. Schwartz, Gregory B. Maffei, Erik Blachford, Gordon Stephenson, J. William Gurley, and Jay C. Hoag, and Nominal Defendant Zillow, Inc.

**STIPULATION AND ORDER REGARDING STAY OF PROCEEDINGS AND RELATED MATTERS**
(No. CV 13-00091 RSM) – 6

56920-0142/LEGAL26003191.1

DATED: March 6, 2013

By: s/ Shane P. Sanders
    Shane P. Sanders (*admitted pro hac vice*)
    Felipe J. Arroyo (*admitted pro hac vice*)
**Robbins Arroyo LLP**
600 B Street, Ste. 1900
San Diego, CA 92101
Telephone:  619.525.3990
Facsimile:  619.525.3991
Email  farroyo@robbinsarroyo.com
      ssanders@robbinsarroyo.com

**Stritmatter Kessler Whelan Coluccio**
Brad J. Moore, WSBA No. 21802
200 Second Avenue West
Seattle, WA 98119
Telephone:  206.448.1777
Facsimile:   206.728.2131
Email:  brad@stritmatter.com

Attorneys for Plaintiff

### ORDER

It is so ordered.

DATED this 13 day of  March 2013.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

**STIPULATION AND ORDER REGARDING STAY
OF PROCEEDINGS AND RELATED MATTERS**
(No. CV 13-00091 RSM) – 7

56920-0142/LEGAL26003191.1

Presented by:

By: s/ Ronald L. Berenstain
    s/ Sean C. Knowles
    Ronald L. Berenstain, WSBA No. 7573
    Sean C. Knowles, WSBA No. 39893
    **Perkins Coie LLP**
    1201 Third Avenue, Suite 4900
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000
    Email: rberenstain@perkinscoie.com
           sknowles@perkinscoie.com

Attorneys for Defendants Spencer M. Rascoff, Chad M. Cohen, Richard N. Barton, Lloyd D. Frink, David A. Beitel, Greg M. Schwartz, Gregory B. Maffei, Erik Blachford, Gordon Stephenson, J. William Gurley, and Jay C. Hoag, and Nominal Defendant Zillow, Inc.

By: s/ Shane P. Sanders
    Shane P. Sanders (*admitted pro hac vice*)
    Felipe J. Arroyo (*admitted pro hac vice*)
    **Robbins Arroyo LLP**
    600 B Street, Ste. 1900
    San Diego, CA 92101
    Telephone: 619.525.3990
    Facsimile: 619.525.3991
    Email  farroyo@robbinsarroyo.com
           ssanders@robbinsarroyo.com


    **Stritmatter Kessler Whelan Coluccio**
    Brad J. Moore, WSBA No. 21802
    200 Second Avenue West
    Seattle, WA 98119
    Telephone: 206.448.1777
    Facsimile: 206.728.2131
    Email: brad@stritmatter.com

Attorneys for Plaintiff

**STIPULATION AND ORDER REGARDING STAY OF PROCEEDINGS AND RELATED MATTERS**
(No. CV 13-00091 RSM) – 8

56920-0142/LEGAL26003191.1